IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**
NOV 2 0 2007
Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| 1. DUSTIN JEFFRIES, an individual, )<br>2. BRANDON HARRIS, an individual, )<br>3. JESSICA LOVELADY, an individual, )<br>on behalf of themselves and all others )<br>similarly situated, )<br>  )<br>Plaintiffs, )<br>  )<br>vs. )<br>  )<br>1. FOX COLLISION CENTER, INC., )<br>a domestic corporation, )<br>2. FOX BODY SHOP, LLC, a domestic )<br>corporation, )<br>3. FOX FAMILY BODY SHOP, LLC, )<br>a domestic corporation, and )<br>4. TODD FOX, an individual )<br>  )<br>Defendants. ) | 07 CV - 6 6 8 CVE  PJC<br>Case No.<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED**<br>**ATTORNEY LIEN CLAIMED**<br>**FOR THE FIRM** |

**CLASS ACTION COMPLAINT**

Plaintiffs, Dustin Jeffries, Jessica Lovelady, and Brandon Harris, bring this action on behalf of a class of all full time employees of Defendants Fox Collision Center, Inc., Fox Body Shop, LLC, Fox Family Body Shop, LLC, and Todd Fox (collectively "Defendants") who were employed at Defendants' Tulsa, Oklahoma facilities and who were permanently laid off from August 27, 2007 through October 27, 2007, inclusive , as part of a plant closing or mass layoff for the Tulsa, Oklahoma site of employment, and who did not receive sixty days advance written notice of the plant closing or mass layoff as required by the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S. C. §§2101-2109 (WARN). Plaintiffs also bring this action on behalf of a class of full time employees of Defendants who were employed at Defendants' stores in the State of Oklahoma

1

who received pay from the Defendants that was not honored by Defendants' bank or have not received pay for work performed in the month(s) preceding and following the plant closing or mass layoff in violation of 40 O.S. §§ 165.1, *et seq.*   Plaintiffs state the following as their complaint:

1. Dustin Jeffries is a resident and citizen of Broken Arrow, Tulsa County, Oklahoma, who was directly employed full time by Defendants from December 2003 through October 27, 2007. Mr. Jeffries is an "affected employee" and an "aggrieved employee" as those terms are defined in WARN.

2. Mr. Jeffries is an "employee" as that term is defined by 40 O.S. § 165.1.

3. Brandon Harris is a resident and citizen of Collinsville, Tulsa County, Oklahoma, who was directly employed full time by Defendants from December 2003 through October 27, 2007. Mr. Harris is an "affected employee" and an "aggrieved employee" as those terms are defined in WARN.

4. Mr. Harris is an "employee" as that term is defined by 40 O.S. § 165.1.

5. Jessica Lovelady is a resident and citizen of Bixby, Tulsa County, Oklahoma, who was directly employed full time by Defendants from December 2003 through October 27, 2007. Ms. Lovelady is an "affected employee" and an "aggrieved employee" as those terms are defined in WARN.

6. Ms. Lovelady is an "employee" as that term is defined by 40 O.S. § 165.1.

7. Defendant Fox Collision Center, Inc. is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma.

8. Defendant Fox Collision Center, Inc. is an "employer" and "business enterprise" as those terms are defined and used in WARN.

9. Defendant Fox Collision Center, Inc. is an "employer" as that term is defined by 40 O.S. § 165.1.

10. Defendant Fox Body Shop, LLC is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma.

11. Defendant Fox Body Shop, LLC is an "employer" and "business enterprise" as those terms are defined and used in WARN.

12. Defendant Fox Body Shop, LLC is an "employer" as that term is defined in 40 O.S. § 165.1.

13. On information and belief, Defendant Fox Body Shop, LLC is a successor in interest to Defendant Fox Collision Center, Inc.

14. Defendant Fox Family Body Shop, LLC is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma.

15. Defendant Fox Family Body Shop, LLC is an "employer" and "business enterprise" as those terms are defined and used in WARN.

16. Defendant Fox Family Body Shop, LLC is an "employer" as that term is defined in 40 O.S. § 165.1.

17. On information and belief, Defendant Fox Family Body Shop, LLC is a successor in interest to Defendant Fox Collision Center, Inc.

18. Defendant Todd Fox is an "employer" as that term is defined and used in WARN.

19. Defendant Todd Fox is an "employer" as that term is defined in 40 O.S. § 165.1.

20. Defendants constitute a single "employer" and "business enterprise" as those terms are defined and used in WARN.

## JURISDICTION AND VENUE

21. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 29 U.S.C. §2104(a)(5) because it is a civil action arising under the laws of the United States. This Court has jurisdiction over Plaintiffs' Oklahoma wage claim pursuant to 28 U.S.C. § 1367.

22. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because all Defendants transact business in this district and the plant closing or mass layoff that is the subject of this action occurred in this district.

## CLASS ACTION ALLEGATIONS

23. Plaintiffs bring this action as a class action pursuant to Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, and pursuant to 29 U.S.C. §2104(a)(5), on behalf of a class of all full time employees of Defendants who were employed at the Tulsa, Oklahoma site of employment and who were permanently laid off without receiving sixty (60) days advance written warning of the Tulsa, Oklahoma site of employment closing or mass layoff ("the Class").

24. Plaintiffs bring this action as a class action pursuant to Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, and pursuant to 40 O.S. § 165.9, on behalf of a class of all employees of Defendants who were employed by Defendants in the state of Oklahoma and who received pay from the Defendants that was not honored by Defendants' bank or have not received pay for work performed in the month(s) preceding and following the plant closing or mass layoff in violation of 40 O.S. §§ 165.1, *et seq.*

25. The Class is so numerous that joinder of all members is impracticable. Plaintiffs do not know the exact number of Class members because that information is exclusively in the possession

of the defendants. However, plaintiffs reasonably believe that the number of Class members exceeds 150 since Defendant Todd Fox has made public statements that "hundreds" of employees would be affected by his decision to close his business.

26. Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiffs have retained competent counsel experienced in complex litigation and Plaintiffs intend to prosecute this action vigorously.

27. Plaintiffs' claims are typical of the claims of the other members of the Class because all claims arise from Defendants' failure to give notice of the shut down of the Tulsa, Oklahoma site of employment to all members of the Class as required by WARN. The claims of Plaintiffs and the Class only exist in the context of an employer action that affects a large number of employees in the same way. Plaintiffs' interests are not antagonistic to or in conflict with other members of the Class.

28. Plaintiffs' claims are typical of the claims of the other members of the Class because all claims arise from Defendants' failure to properly pay Plaintiffs' for all hours worked, as well as other types of wages recognized by Oklahoma law, in Oklahoma as required by 40 O.S. §§ 165.1, *et seq*. The claims of Plaintiffs and the Class only exist in the context of an employer action that affects a large number of employees in the same way. Plaintiffs' interests are not antagonistic to or in conflict with other members of the Class.

29. Defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the Class as a whole. Additionally, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent adjudications regarding whether the conduct of Defendants violated the

provisions of WARN and 40 O.S. §§ 165.1, *et seq.*

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Plaintiffs and the members of the Class have limited economic resources and have relatively small claims. The expense and burden of individual litigation make it virtually impossible for Class members to individually seek redress for the Defendants' violation of WARN and 40 O.S. §§ 165.1, *et seq.*

31. Common questions of law and fact exist as to all members of the Class and predominate over any question affecting solely individual members of the Class. Among the questions of fact and law common to the Class are:

   a. Is Defendant Fox Collision Center, Inc. an "employer" within the meaning of WARN?

   b. Is Defendant Fox Body Shop, LLC an "employer" within the meaning of WARN?

   c. Is Defendant Fox Family Body Shop, LLC an "employer" within the meaning of WARN?

   d. Is Defendant Todd Fox an "employer" within the meaning of WARN?

   e. Do the Defendants constitute a single "employer" and "business enterprise" as those terms are defined and used in WARN?

   f. Are members of the Class "affected employees" within the meaning of WARN?

   g. Did any or all of the Defendants engage in a "plant closing" within the meaning of WARN?

   h. Did any or all of the Defendants engage in a "mass layoff" within the meaning of WARN?

   i. Did any or all of the Defendants order a "plant closing" without serving written notice

    of such an order on each affected employee more than sixty (60) days before the "plant closing"?

j. Did any or all of the Defendants order a "mass layoff" without service written notice of such an order on each affected employee more than sixty (60) days before the "mass layoff"?

k. Did the order to close the Tulsa, Oklahoma site of employment violate WARN?

l. Did the order for a mass layoff at the Tulsa, Oklahoma site of employment violate WARN?

m. Are Class members who worked for Defendants at the Tulsa, Oklahoma site of employment for more than 120 days entitled to receive sixty (60) days back pay as damages?

n. Are class members entitled to receive the cost of their medical and dental benefits under their employee benefit plan for the period following their layoff, and before the expiration of sixty (60) days, during which those benefits were terminated by Defendants.

o. Is Fox Collision Center, Inc. an "employer" within the meaning of 40 O.S. § 165.1?

p. Is Fox Body Shop, LLC an "employer" within the meaning of 40 O.S. § 165.1?

q. Is Fox Family Body Shop, LLC an "employer" within the meaning of 40 O.S. § 165.1?

r. Is Todd Fox an "employer" within the meaning of 40 O.S. § 165.1?

s. Are members of the Class "employees" within the meaning of 40 O.S. § 165.1?

t. Did any or all of the Defendants fail to pay the members of the Class proper wages

for all time worked in the time prior to and subsequent to the plant closing or mass layoff?

32. Plaintiffs are not aware of any other litigation initiated by any other member of the Class as an individual action or as class action. Plaintiffs are not aware of any interest by any other members of the Class in individually controlling or prosecuting separate actions.

33. It is unlikely that separate actions will be brought because of the relatively small value of each individual claim and because of the limited economic resources of the Plaintiffs and the individual members of the Class.

34. It is desirable to concentrate this litigation in this Court because defendants operated and closed their Tulsa, Oklahoma site of employment in this district and because the vast majority of Class members reside in this district.

35. Plaintiffs' know of no difficulty likely to be encountered in managing this action as a class action. Defendants possess the names and last known addresses of all Class members, the dates on which each Class member was laid off, whether any written warning of the plant closing was provided to Class members and, if so, its content, the last rates of pay of all Class members, the status and value of the employee benefit program in which each Class member participated. Moreover, Congress expressly provided that actions brought to enforce liability under WARN could be brought by aggrieved persons on their on behalf and "for other persons similarly situated...." 29 U.S.C. §2104(a)(5). The same considerations are present with regards to the Class wage claim under Oklahoma law.

## FIRST CLAIM:
## WARN ACT VIOLATION

For the First Claim, Plaintiffs re-allege and incorporate by reference the foregoing paragraphs and state:

36. Defendants employed more than 100 full time employees at the Tulsa, Oklahoma site of employment in 2007.

37. On or before October 27, 2007, Defendants made the decision to close the Tulsa, Oklahoma site of employment and ceased operations at most of the facilities operating in Tulsa, Oklahoma.

38. On October 27, 2007, Defendants permanently laid off more than 100 full time employees at the same time.

39. Defendants provided no advance written warning of the layoffs and no advance written warning of the plant shutdown to any of the more than 100 full time employees employed at the Tulsa facilities. There was no "representative" of the employees at the Tulsa site of employment as the term is defined and used in WARN.

40. Defendants' permanent layoffs of their full time employees at the Tulsa site of employment constitute either a "plant closing" or a "mass layoff" as those terms are defined in WARN.

41. Plaintiffs and the other members of the Class are "affected employees" and "aggrieved employees" as those terms are defined in WARN because each member of the Class experienced a permanent loss of employment without having received the required sixty (60) days advance written notice of the closing of the Tulsa site of employment or of the mass layoff that occurred at the Tulsa site of employment.

42. Plaintiffs and each member of the Class were paid an hourly rate for an eight hour day, or received commissions for work performed, and received medical expense benefits under an employee benefit plan. Plaintiffs and each member of the Class received no pay following their termination and their rights under the employee benefit plan were terminated at the end of the month during which each was laid off.

43. Defendants layoffs of their Tulsa employees without providing sixty (60) days advance written notice to their employees constitutes a violation of WARN that entitles all aggrieved employees to sixty (60) days back pay and the appropriate amount for loss of benefits under the employee benefit plan.

**WHEREFORE**, Plaintiffs Dustin Jeffries, Jessica Lovelady and Brandon Harris demand judgement, on their own behalf and on behalf of the Class as defined above, against Defendants and request that the Court grant the following relief:

a. An order certifying this action as a class action;

b. An order appointing Plaintiffs as class representatives and appointing Plaintiffs' counsel as class counsel;

c. Money damages to Plaintiffs and to each Class member as authorized by 29 U.S.C. §2104(a);

d. Prejudgement interest on the money damages awarded each Class member;

e. The costs of the litigation including a reasonable attorneys's fee; and

f. Such other relief as the Court deems just and proper.

## SECOND CLAIM
### FAILURE TO PAY WAGES IN VIOLATION OF 40 O.S. §§ 165.1, ET SEQ.

For the Second Claim, Plaintiffs re-allege and incorporate by reference the foregoing paragraphs and state:

44. Defendants employed more than 100 employees in Oklahoma.

45. In the months preceding and following October 27, 2007, Defendants caused checks to be issued that were not honored by Defendant's bank. The checks that were not honored included wages, commissions, expenses or other remuneration constituting employee wages for work performed on behalf of Defendant employer.

46. In the month following October 27, 2007, Defendants did not pay employees for work performed in the weeks prior to the plant closing or mass layoff in violation of 40 O.S. §§ 165.1, *et seq.*

47. Subsequent to the closing of Defendants' Oklahoma operations, Defendants failed to pay their employees for accrued sick and vacation time that had been earned in the preceding year.

48. At all times relevant to the filing of this cause of action, *40 O.S. § 165.9* prohibited an employer from refusing to pay wages earned by an employee.

49. Defendants terminated Plaintiffs and refused to pay the full amount of wages earned at the time of their termination.

50. The aforementioned refusal was in direct violation of *40 O.S. §§ 165.1, et seq.*

51. As a direct and proximate result of Defendants' willful violation of *40 O.S. §§ 165.1, et seq.*, Plaintiffs have suffered, and continue to suffer, loss of income in an amount in excess of $10,000.00.

52. Pursuant to *40 O.S. § 165.9*, Plaintiffs are also entitled to liquidated damages for Defendants' failure to pay wages; costs and fees of any nature; and reasonable attorneys fees for bringing this action.

**WHEREFORE**, Plaintiffs Dustin Jeffries, Jessica Lovelady and Brandon Harris demand judgement, on their own behalf and on behalf of the Class as defined above, against Defendants and request that the Court grant the following relief:

a. An order certifying this action as a class action;

b. An order appointing Plaintiffs as class representatives and appointing Plaintiff's counsel as class counsel;

c. Money damages to Plaintiffs and to each Class member as authorized by 40 O.S. § 165.9;

d. Prejudgement interest on the money damages awarded each Class member;

e. The costs of the litigation including a reasonable attorneys's fee; and

f. Such other relief as the Court deems just and proper.

Respectfully submitted,

**ARMSTRONG & LOWE, P.C.**

*Charles C. Vaught*
Charles C. Vaught, OBA #19962
David R. Blades, OBA #15187
1401 South Cheyenne
Tulsa, OK 74119
918-582-2500
918-388-0100 fax
**Attorneys for Plaintiffs**