**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.  **DUSTIN JEFFRIES, an individual,** | ) | |
| 2.  **BRANDON HARRIS, an individual,** | ) | |
| 3.  **JESSICA LOVELADY, an individual,** | ) | |
| **on behalf of themselves and all others** | ) | |
| **similarly situated,** | ) | |
| | ) | **Case No. 07-CV-668-CVE-PJC** |
| **Plaintiffs,** | ) | |
| | ) | **CLASS ACTION** |
| **vs.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| 1. **TODD FOX, an individual,** | ) | **ATTORNEY LIEN CLAIMED** |
| | ) | **FOR THE FIRM** |
| **Defendant.** | ) | |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiffs, Dustin Jeffries, Jessica Lovelady, and Brandon Harris, bring this action on behalf

of a class of all full time employees of Defendant Todd Fox who were employed at Defendant's

facilities in the State of Oklahoma and who received pay from the Defendants that was not honored

by Defendants' bank or have not received pay for work performed in the month(s) preceding and

following cessation of Defendant's operations in violation of 40 O.S. §§ 165.1, *et seq.*    Plaintiffs

state the following as their complaint:

1.      Dustin Jeffries is a resident and citizen of Broken Arrow, Tulsa County, Oklahoma, who was

directly employed full time by Defendants from December 2003 through October 27, 2007.

Mr. Jeffries is an "employee" as that term is defined by 40 O.S. § 165.1.

2.      Brandon Harris is a resident and citizen of Collinsville, Tulsa County, Oklahoma, who was

directly employed full time by Defendants from December 2003 through October 27, 2007.

Mr. Harris is an "employee" as that term is defined by 40 O.S. § 165.1.

3.      Jessica Lovelady is a resident and citizen of Bixby, Tulsa County, Oklahoma, who was

1

directly employed full time by Defendants from December 2003 through October 27, 2007. Ms. Lovelady is an "employee" as that term is defined by 40 O.S. § 165.1.

4.  Defendant Todd Fox has been a resident of the State of Colorado since on or about October 23, 2007 in that he established residence and domicile in the City of Aurora, State of Colorado at that time.

5.  Defendant Todd Fox is an "employer" as that term is defined in 40 O.S. § 165.1.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because it is a civil action arising between citizens of different states and the amount in controversy herein exceeds $75,000.00 exclusive of interests and costs.

7.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## CLASS ACTION ALLEGATIONS

8.  Plaintiffs bring this action as a class action pursuant to Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, and pursuant to 40 O.S. § 165.9, on behalf of a class of all employees of Defendants who were employed by Defendants in the state of Oklahoma and who received pay from the Defendants that was not honored by Defendants' bank or have not received pay for work performed in the month(s) preceding and following the cessation of Defendant's business in violation of 40 O.S. §§ 165.1, *et seq.*

9.  The Class is so numerous that joinder of all members is impracticable.  Plaintiffs do not know the exact number of Class members because that information is exclusively in the possession of the defendants.  However, plaintiffs reasonably believe that the number of

2

Class members exceeds 150 since Defendant Todd Fox has made public statements that "hundreds" of employees would be affected by his decision to close his business.

10. Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiffs have retained competent counsel experienced in complex litigation and Plaintiffs intend to prosecute this action vigorously.

11. Plaintiffs' claims are typical of the claims of the other members of the Class because all claims arise from Defendants' failure to properly pay Plaintiffs' for all hours worked, as well as other types of wages recognized by Oklahoma law, in Oklahoma as required by 40 O.S. §§ 165.1, *et seq*. The claims of Plaintiffs and the Class only exist in the context of an employer action that affects a large number of employees in the same way. Plaintiffs' interests are not antagonistic to or in conflict with other members of the Class.

12. Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the Class as a whole. Additionally, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent adjudications regarding whether the conduct of Defendants violated the provisions 40 O.S. §§ 165.1, *et seq.*

13. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Plaintiffs and the members of the Class have limited economic resources and have relatively small claims. The expense and burden of individual litigation make it virtually impossible for Class members to individually seek redress for the Defendants' violation of 40 O.S. §§ 165.1, *et seq*.

14. Common questions of law and fact exist as to all members of the Class and predominate over

3

any question affecting solely individual members of the Class.  Among the questions of fact

and law common to the Class are:

a.      Is Todd Fox an "employer" within the meaning of 40 O.S. § 165.1?

b.      Are members of the Class "employees" within the meaning of 40 O.S. § 165.1?

c.      Did Defendant Todd Fox fail to pay the members of the Class proper wages for  all

time worked in the time prior to and subsequent to the cessation of his business

operations?

d.      Did Defendant Todd Fox exercise any distinct act of dominion wrongfully over each

individual Class member's personal property in denial of or inconsistent with that

Class member's rights therein?

e.      Did Defendant Todd Fox wrongfully exercise or assume authority personally or by

procurement over each individual Class member's goods thereby depriving that

Class Member of possession either permanently or for an indefinite time?

15.    Plaintiffs are not aware of any other litigation initiated by any other member of the Class as

an individual action or as class action.  Plaintiffs are not aware of any interest by any other

members of the Class in individually controlling or prosecuting separate actions.

16.    It is unlikely that separate actions will be brought because of the relatively small value of

each individual claim and because of the limited economic resources of the Plaintiffs and the

individual members of the Class.

17.    It is desirable to concentrate this litigation in this Court because the Defendant operated and

closed the majority of its operations in this district and because the vast majority of Class

members reside in this district.

4

18.     Plaintiffs' know of no difficulty likely to be encountered in managing this action as a class action.  Defendant possesses the names and last known addresses of all Class members, the dates on which each Class member was laid off, the last rates of pay of all Class members, and the status and value of the unpaid wages for each Class member.  Moreover, the Oklahoma legislature expressly provided that actions brought to enforce liability regarding unpaid wages could be brought on behalf of similarly situated employees.

### FIRST CLAIM:
### FAILURE TO PAY WAGES IN VIOLATION OF 40 O.S. §§ 165.1, ET SEQ.

For the First Claim, Plaintiffs re-allege and incorporate by reference the foregoing paragraphs and state:

19.     Defendant employed more than 100 employees in Oklahoma.

20.     In the months preceding and following October 27, 2007, Defendant caused checks to be issued that included wages, commissions, expenses or other remuneration constituting employee wages for work performed on behalf of Defendant employer.

21.     At the time these various payroll checks were endorsed by Defendant, sufficient funds existed in his operating account to cover the wages, commissions, expenses and other remuneration constituting employee wages for work performed on his behalf.

22.     Subsequent to the writing of these checks, Defendant removed, secreted, or otherwise transferred these funds from his operating account to an account existing for his personal and/or private use and thereby caused a deficiency in his business account when his employees attempted to cash or deposit their paychecks.

23.     By virtue of his removal of money set aside for payroll purposes, Defendant did not pay employees for work performed in the weeks prior to and/or subsequent to the cessation of

5

his operations in Oklahoma in violation of 40 O.S. §§ 165.1, *et seq.*

24.    Subsequent to the closing of Defendant's Oklahoma operations, Defendant failed to pay his employees for accrued sick and vacation time that had been earned in the preceding year.

25.    At all times relevant to the filing of this cause of action, ***40 O.S. § 165.9*** prohibited an employer from refusing to pay wages earned by an employee.

26.    Defendant terminated Plaintiffs and refused to pay the full amount of wages earned at the time of their termination.

27.    The aforementioned refusal was in direct violation of ***40 O.S. §§ 165.1, et seq.***

28.    As a direct and proximate result of Defendant's willful violation of ***40 O.S. §§ 165.1, et seq.***, Plaintiffs have suffered, and continue to suffer, loss of income in an amount in excess of $75,000.00.

29.    Pursuant to ***40 O.S. § 165.9***, Plaintiffs are also entitled to liquidated damages for Defendants' failure to pay wages; costs and fees of any nature; and reasonable attorneys fees for bringing this action.

**WHEREFORE**, Plaintiffs Dustin Jeffries, Jessica Lovelady and Brandon Harris demand judgement, on their own behalf and on behalf of the Class as defined above, against Defendant and request that the Court grant the following relief:

a.    An order certifying this action as a class action;

b.    An order appointing Plaintiffs as class representatives and appointing Plaintiffs' counsel as class counsel;

c.    Money damages to Plaintiffs and to each Class member as authorized by 40 O.S. § 165.9;

> d.   Prejudgement interest on the money damages awarded each Class member;
>
> e.   The costs of the litigation including a reasonable attorneys's fee; and
>
> f.   Such other relief as the Court deems just and proper.

### SECOND CLAIM:
### CONVERSION

For the Second Claim, Plaintiffs re-allege and incorporate by reference the foregoing paragraphs and state:

30.   Subsequent to endorsing and disbursing checks to cover his employee's wages, and thereby transferring ownership to that money to his individual employees, Defendant removed those funds from his business accounts and transferred them to his personal and/or private account.

31.   Defendant wrongfully exercised dominion over the Class member's personal property in a manner inconsistent with their rights to that property.

32.   As a direct and proximate result of Defendant's willful conversion of Plaintiffs property, Plaintiffs have suffered, and continue to suffer, damages in an amount in excess of $75,000.00.

33.   Plaintiff's are also entitled to reasonable compensatory and punitive damages to compensate them for the willful acts of Defendant.

**WHEREFORE**, Plaintiffs Dustin Jeffries, Jessica Lovelady and Brandon Harris demand judgement, on their own behalf and on behalf of the Class as defined above, against Defendant and request that the Court grant the following relief:

> a.   An order certifying this action as a class action;
>
> b.   An order appointing Plaintiffs as class representatives and appointing Plaintiffs'

counsel as class counsel;

c.     Money damages to Plaintiffs and to each Class member in an amount to be determined but alleged to be in excess of $75,000.00;

d.     Prejudgement interest on the money damages awarded each Class member;

e.     Compensatory and Punitive Damages in an amount to be determined; and

f.     Such other relief as the Court deems just and proper.

### THIRD CLAIM:
### UNJUST ENRICHMENT

For the Third Claim, Plaintiffs re-allege and incorporate by reference the foregoing paragraphs and state:

34.     Subsequent to endorsing and disbursing checks to cover his employee's wages, and thereby transferring ownership to that money to his individual employees, Defendant removed those funds from his business accounts and transferred them to his personal and/or private account.

35.     Defendant's wrongful exercise of dominion and control over the Class member's personal property was inequitable and he cannot be allowed to retain those funds.

36.     Plaintiffs do not have an adequate remedy at law with regards to this loss.

37.     As a direct and proximate result of Defendant's willful conversion of Plaintiffs property, Plaintiffs have suffered, and continue to suffer, damages in an amount in excess of $75,000.00.

**WHEREFORE**, Plaintiffs Dustin Jeffries, Jessica Lovelady and Brandon Harris demand judgement, on their own behalf and on behalf of the Class as defined above, against Defendant and request that the Court grant the following relief:

8

a.      An order certifying this action as a class action;

b.      An order appointing Plaintiffs as class representatives and appointing Plaintiffs' counsel as class counsel;

c.      Money damages to Plaintiffs and to each Class member in an amount to be determined but alleged to be in excess of $75,000.00;

d.      Prejudgement interest on the money damages awarded each Class member; and

e.      Such other relief as the Court deems just and proper.

Respectfully submitted,

**ARMSTRONG & LOWE, P.C.**


_/s/ Charles C. Vaught_
Charles C. Vaught,  OBA #19962
David R. Blades, OBA #15187
1401 South Cheyenne
Tulsa, OK 74119
918-582-2500
918-388-0100 fax
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of April, 2008, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System from filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Elizabeth Carroll
Sam G. Bratton

_/s/ Charles C. Vaught_
Charles C. Vaught